No. 80–382. GENERAL PUBLIC UTILITIES CORP. ET AL. *v.* SUSQUEHANNA VALLEY ALLIANCE ET AL. C. A. 3d Cir. Certiorari denied.

JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE and JUSTICE POWELL join, dissenting.

In this case the Court of Appeals for the Third Circuit held that a private party seeking to compel agency compliance with the National Environmental Policy Act of 1969 (NEPA), 83 Stat. 852, 42 U. S. C. § 4321 *et seq.,* need not exhaust administrative remedies prior to filing suit in Federal District Court. Because I believe that a long series of our cases heretofore regarded as settled law require such exhaustion, *e. g., Myers* v. *Bethlehem Shipbuilding Corp.,* 303 U. S. 41 (1938), I dissent from the denial of the petition for certiorari and would set the case for argument.

The case arises out of the effort of the Nuclear Regulatory

Commission and petitioners, the owners and operators of Three Mile Island Nuclear Station, to treat and eventually dispose of radioactive wastewater resulting from the accident occurring at Three Mile Island in March 1979. In May 1979, respondents commenced this action against the Commission and petitioners, alleging that the Commission had approved petitioners' construction and operation of a facility to decontaminate the radioactive wastewater, known as EPICOR II, and planned to allow the processed water to be discharged in the Susquehanna River. Specifically, respondents alleged that the Commission had failed to prepare an environmental impact statement for the EPICOR II system, in violation of NEPA, 42 U. S. C. § 4332, and had failed to require petitioners to secure a license or construction permit for the system, in violation of the Atomic Energy Act of 1954, 68 Stat. 919, as amended, 42 U. S. C. § 2011 *et seq.* The complaint also charged that the possible discharge of "high-level radioactive" water into the river would violate both the Federal Water Pollution Control Act (FWPCA), § 301 (f), 86 Stat. 846, 33 U. S. C. § 1311 (f), and a federal constitutional right to "be born and to live mentally and physically unimpaired."

The District Court found that respondents had failed to exhaust their administrative remedies under the Atomic Energy Act and dismissed the complaint for lack of subject-matter jurisdiction. It noted that the administrative remedy available under the Act, 10 CFR § 2.206 (1980),[1] "allows

---

[1] Title 10 CFR § 2.206 (1980) provides in relevant part:

"(a) Any person may file a request for the Director of Nuclear Reactor Regulation . . . to institute a proceeding . . . to modify, suspend or revoke a license, or for such other action as may be proper. . . .

"(b) Within a reasonable time after a request pursuant to paragraph (a) of this section has been received, the Director . . . shall either institute the requested proceeding in accordance with the subpart or shall advise the person who made the request in writing that no proceeding will be

plaintiffs to ask the [Commission] for all the relief sought in this court." It further noted that the Act makes any final decision of the Commission reviewable exclusively in the courts of appeals. 42 U. S. C. § 2239 (b) and 28 U. S. C. § 2342.

The Court of Appeals affirmed in part and reversed in part. Although it affirmed the District Court's dismissal of claims arising under the Atomic Energy Act on the grounds that the Commission has exclusive jurisdiction over licensing actions, 42 U. S. C. § 2239 (b), and that private parties may not judicially enforce the Act, 42 U. S. C. § 2271 (c), it nonetheless found that the District Court had jurisdiction to *compel* Commission compliance with NEPA. It reasoned that where the Commission "fragments" its environmental review of projects, as is allegedly the case here, the district courts could prohibit such fragmentation. The court went on to hold that the District Court had jurisdiction over respondents' FWPCA and constitutional claims, reasoning that respondents had satisfied the conditions of the FWPCA's citizen-suit provision, 33 U. S. C. § 1365 (a), and that the District Court was the "appropriate" forum to consider the constitutional claims.

Petitioners contend, correctly in my view, that the decision below ignored the "long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers* v. *Bethlehem Shipbuilding Corp., supra,* at 50–51; *McKart* v. *United States,* 395 U. S. 185, 193, 195 (1969). Even the Solicitor General, who does not seek certiorari in this case, "agrees with petitioners that the [C]ourt of [A]ppeals erred in a number of its rulings and that its decision is contrary to the prior decisions of this Court." Memorandum for United States Nuclear Regulatory Commission 1.

---

instituted in whole or in part, with respect to his request, and the reasons therefor."

The gist of petitioners' argument is that Congress has placed with the Commission the authority to regulate its licensees' handling of radioactive materials and has limited judicial review of the Commission's decisions to the courts of appeals. This Court has recognized that the adequacy of Commission compliance with NEPA, not just with the Atomic Energy Act, is reviewable solely in the courts of appeals pursuant to 42 U. S. C. § 2239 (b) and 28 U. S. C. § 2342. See. *Vermont Yankee Nuclear Power Corp.* v. *NRDC,* 435 U. S. 519, 526–527 (1978). Indeed, the decision below is in direct conflict with a decision of the Court of Appeals for the District of Columbia Circuit which held that where a statutory review procedure assigns to the courts of appeals exclusive review responsibility over agency action—as does the Atomic Energy Act—a district court may not exercise concurrent jurisdiction to resolve allegations of agency noncompliance with NEPA. *City of Rochester* v. *Bond,* 195 U. S. App. D. C. 345, 354–355, 603 F. 2d 927, 936–937 (1979).

The "fragmentation" of judicial review in this case results not from the action of the Commission, but from the decision below which splinters judicial review of claims that arise essentially out of the same factual setting. It is anomalous to hold, as did the court below, that the Atomic Energy Act claims are reviewable exclusively in the Court of Appeals, while claims arising under NEPA, FWPCA, and the Constitution are reviewable originally in the District Court.[2] The

---

[2] Although it is clear that the court below erred with respect to the NEPA claim, I suggest that it is on no firmer footing with respect to the FWPCA and constitutional claims. It appears, for example, that the Commission has exclusive jurisdiction to regulate the discharge of the type of radioactive water involved in this case, see *Train* v. *Colorado Public Interest Research Group,* 426 U. S. 1, 16–17 (1976). In any event, all of the claimed violations arise out of the very activities which are subject to Commission regulatory control, and considerations of judicial economy require that all of the claims be resolved in the first instance by the Commission.

decision below means that the District Court, the Court of Appeals, and the Commission will all exercise concurrent jurisdiction over the same claims at the same time. Such a trifurcated review procedure is not only inefficient, duplicating judicial and administrative effort, but more importantly, it leads to premature interference with agency processes, contrary to the policy underlying direct review statutes.[3]

Although the Solicitor General concedes that the decision below was wrong, he asserts that the case is not worthy of this Court's attention because the decision will be regarded merely as an "anomaly that cannot be reconciled with this Court's settled teaching on exhaustion of administrative remedies." Memorandum for United States Nuclear Regulatory Commission 5. I am not so sanguine. I fear that unless accorded plenary review here the decision below will spawn

---

[3] The problems of segregated review are amply illustrated by the facts of this case. On May 25, 1979, the same day suit was filed in this case, the Commission issued a statement prohibiting the treatment or discharge of contaminated water until it had completed an environmental assessment. During the next several months, the Commission staff prepared an environmental assessment on the proposed operation of EPICOR II. The Commission eventually published a draft Environmental Impact Statement, 45 Fed. Reg. 54495 (1980), and issued an opinion on October 16, 1980, permitting the processing of radioactive wastewater by EPICOR II, but specifically prohibiting any discharge of the processed water pending further study. Respondents subsequently filed a petition for review of that order in the Court of Appeals for the Third Circuit pursuant to 42 U. S. C. § 2239. That case raises the same NEPA issues presented in this case. Thus, the District Court, the Court of the Appeals for the Third Circuit, and the Commission are presently exercising concurrent jurisdiction over the same issues. This sort of procedural chaos is invited by the decision of the Court of Appeals in this case.

What may well be the better course both legally and practically is suggested by a recent case in the District Court for the District of Columbia which raised virtually the same issues presented here. *City of Lancaster* v. *NRC*, No. 79–1368. There the court dismissed with prejudice plaintiffs' suit on the basis, *inter alia*, of the Commission's adherence to its May 25, 1979, statement.

others like it allowing circumvention of agency review and pursuit of NEPA claims directly in the district courts. Accordingly, I dissent from the denial of the petition for certiorari.