**Robert L. LIESEN, Plaintiff–Appellant,**

v.

**LOUISIANA POWER & LIGHT COMPANY, Defendant–Appellee.**

No. 80–3183
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Feb. 2, 1981.

Hugh P. Lambert, New Orleans, La., for plaintiff–appellant.

Monroe & Lemann, William M. Stevenson, Kenneth P. Carter, New Orleans, La., for defendant–appellee.

Before BROWN, POLITZ, and TATE, Circuit Judges.

TATE, Circuit Judge:

Citing violations of standards and regulations established by the Nuclear Regulatory Commission (NRC) pursuant to the Atomic Energy Act, 42 U.S.C. §§ 2011–2296, the plaintiff Liesen sued to enjoin Louisiana Power & Light Co. (LP&L) from proceeding with construction on its Waterford 3 nuclear generator project. The district court granted LP&L's motion to dismiss Liesen's complaint for lack of federal subject matter jurisdiction on grounds that he had failed to exhaust available administrative remedies. Without reaching the exhaustion issue, we conclude that the complaint seeks relief that a district court may not afford to a private litigant under the enforcement provisions of the Act. The order of dismissal is therefore affirmed.

Although Liesen's *pro se* complaint is somewhat vague, it is clear that he is attempting to enforce NRC standards and regulations (especially those relating to inspection and quality control) established by the NRC under the aegis of the Atomic Energy Act, 42 U.S.C. §§ 2011–2296. It is undisputed that Liesen has sought no redress before the NRC.

On this appeal, the parties focus on the issue of exhaustion of administrative remedies. Liesen argues that he falls within recognized exceptions to the exhaustion doctrine—namely, that exhaustion is not required where pursuit of administrative remedies would be futile or where agency expertise is unnecessary to a resolution of the issues at hand—and that the district court should assume jurisdiction for the narrow purpose of allowing discovery that would demonstrate the applicability of those exceptions. LP&L reasserts its position that, having failed to pursue available administrative remedies, Liesen cannot now invoke the jurisdiction of the federal district courts.

We see the issues here presented in somewhat different terms. At bottom, the question is whether a private litigant may seek enforcement of the Atomic Energy Act or its attendant agency standards and regulations by proceeding against the alleged violator in a suit for injunctive relief in federal district court. We hold that the enforcement scheme of the Act precludes such actions.

The leading case on this point is *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor*, 619 F.2d 231 (3d Cir. 1980). There, the plaintiffs sought to enjoin certain activities at the Three Mile Island nuclear power station that were said to violate, *inter alia*, the Atomic Energy Act, applicable NRC regulations, and the station operator's license. The district court dismissed the action for lack of subject matter jurisdiction on the ground that the plaintiffs had not exhausted available administrative remedies. On appeal, the Third Circuit examined the enforcement scheme of the Act and concluded that Congress had prohibited private judicial enforcement of the Act and had relegated such enforcement requests to the exclusive jurisdiction of the NRC. *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor*, 619 F.2d at 238–39, 245.

We agree with the Third Circuit's analysis. The general enforcement provision of the Atomic Energy Act, 42 U.S.C. § 2271, clearly precludes private judicial enforcement:

No action shall be brought against any individual or person for any violation under this chapter unless and until the Attorney General of the United States has advised the Commission with respect to such action and no such action shall be commenced except by the Attorney General of the United States. . . . *And provided further*, That nothing in this subsection shall be construed as applying to administrative action taken by the Commission.

*Id.* § 2271(c). *See Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor*, 619 F.2d at 238. As noted by the Third Circuit, *id.*, the only apparent avenue for private enforcement of the Act is the opportunity to participate in agency proceedings for the imposition of requirements by order and for the granting, modification, suspension, or revocation of licenses as per 42 U.S.C. § 2239(a) and 10 C.F.R. §§ 2.200–.206. *See* 10 C.F.R. § 2.206 (allowing any person to request the administrative initiation by the NRC of proceedings to revoke, suspend, modify, or take other action with respect to an operator's license because of violations of regulations or license conditions). The Third Circuit therefore affirmed the dismissal on the ground that the complaint (insofar as based upon the Atomic Energy Act and NRC license violations) failed to state a claim upon which relief might be afforded.

For this reason, we do not address the exhaustion of remedies issue as raised by the parties to this appeal, nor resolve the doubts we entertain *sua sponte* concerning the appellant Liesen's standing vis-a-vis this challenge to the actions of LP&L. Liesen has sought a remedy that, under the provisions of the Atomic Energy Act, is unavailable to a private litigant in federal district court. The dismissal of his suit is therefore affirmed.

AFFIRMED.