655 F.2d 131
 11 Envtl. L. Rep. 20,885
 Stacy SIMMONS, a Minor; Larry and Joy Simmons, Joey and Jill
Stocks, Minors; Joe and Judith Stocks, Patrick Cain,
Christian Cain, Tina Cain, Fred Cain and William Dell Cain,
Minors; Thomda Cain, John Morris, Jason Morris and Sara
Morris, Minors; David & Brenda Morris, Aurea E. Ashford,
Charles Downs, Keith Downs and Kimberly Downs, Minors;
Leonard Wilson and Linda Wilson, Eugene Elliott, Morgan
Scott and Sue Scott, Individually and on behalf of all
persons living in Yell, Logan, Johnson & Pope Counties, Appellants,
v.
ARKANSAS POWER & LIGHT CO., United States of America,
through its Nuclear Regulatory Commission, John Ahearn,
Chairman of the U. S. Regulatory Commission, State of
Arkansas, Steve Clark, Attorney General of the State of
Arkansas, Arkansas Department of Health, Bureau of
Environmental Services, Arkansas Department of Public
Safety, Office of Emergency Services, Arkansas Department of
Energy and Dr. Robert Young, Arkansas Department of Health, Appellees.
 No. 80-1633.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 14, 1981.
Decided July 22, 1981.
 
 Tom Donovan (argued), Witt & Donovan, Dardanelle, Ark., for appellants.
 Steve Clark, Atty. Gen., Robert L. Waldrum, Asst. Atty. Gen., and George A. Harper, Sp. Asst. Atty. Gen., Little Rock, Ark., for appellees.
 Leonard Bickwit, Jr., Gen. Counsel, Stephen F. Eilperin, Sol., Harvey J. Shulman, Sp. Asst. to the Gen. Counsel (argued), Mark E. Chopko, Atty., U. S. Nuclear Regulatory Commission, Washington, D. C., George W. Proctor, U. S. Atty., Robert J. Govar, Asst. U. S. Atty., E. D. Arkansas, Little Rock, Ark., for Federal appellees.
 Nicholas S. Reynolds (argued), Sanford L. Hartman, Debevoise & Liberman, Washington, D. C., for appellee Arkansas Power & Light Co.; Steve L. Riggs, Asst. Gen. Counsel, Little Rock, Ark., of counsel.
 Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.
 STEPHENSON, Circuit Judge.
 
 
 1
 Appellants, residents of four counties surrounding a nuclear power reactor, brought suit against the operator-licensee of the plant, Arkansas Power & Light (AP&L); the United States through the Nuclear Regulatory Commission (NRC); the State of Arkansas; and several state agencies. Appellants sought injunctive, declaratory and monetary relief for what they allege is the unlawful operation and regulation of the plant. After a hearing on plaintiffs' motion for a preliminary injunction prohibiting the operation of the plant until an emergency action plan had been adopted, the district court[1] dismissed appellants' complaint in its entirety. This appeal followed. We affirm.
 
 I. BACKGROUND
 
 2
 AP&L has been licensed by the NRC to operate Units I and II of Arkansas Nuclear One (ANO) located in Pope County, Arkansas. Unit I is a pressurized water reactor designed by Babcock & Wilcox and has been in operation since 1974. Unit II, also a pressurized water reactor, has been in operation since 1979.
 
 
 3
 On May 10, 1980, a malfunction occurred in Unit I of ANO releasing approximately 57,700 gallons of radioactive coolant water into the reactor containment building, and also releasing radioactive gases into the containment building atmosphere. On May 13, 1980, AP&L determined that it would be necessary to vent the radioactive gases in the building. The NRC evaluated the analysis of the gas and agreed with AP&L that the release could be accomplished within regulatory limits.
 
 
 4
 At that point, Dr. Robert Young, Director of the Arkansas Department of Health, requested AP&L to postpone the process of venting for a period of forty-eight hours in order for the state to determine whether the situation was potentially harmful. The Arkansas Office of the Attorney General informed Dr. Young that the state was without authority to enforce this request. In any event, AP&L disregarded the request and began venting on May 13, 1980, and completed the process on May 15, 1980.
 
 
 5
 Appellants brought this action on May 30, 1980. They alleged the incident on May 10, 1980, and the resulting action by appellees, highlighted several deficiencies in emergency planning at ANO. They argue that the emergency plan did not satisfy NRC standards, was not properly implemented, and that the NRC was not acting properly to correct the problems.[2] In this lawsuit they sought injunctive relief to keep ANO shut down until an adequate plan is developed and implemented, and other declaratory and monetary relief.[3]
 
 
 6
 In dismissing the action, the district court held that (1) concerning the constitutional claims, appellants had failed to state a claim upon which relief could be granted; (2) concerning the federal statutory claims, appellants had failed to exhaust administrative remedies and, even if they had, jurisdiction would be with the United States Court of Appeals; and (3) concerning state claims, these claims would be dismissed in the court's discretion because of a lack of independent basis for jurisdiction.
 
 II. JURISDICTION
 A. Federal Statutory Claims
 
 7
 The initial question is whether the district court had jurisdiction to hear appellants' claims. Appellants first allege jurisdiction under several general jurisdictional statutes, e. g., 28 U.S.C. § 1331 (federal question); id. section 1337 (regulation of commerce); id. section 1343; id. section 1346(a)(2) (claims against the United States); id. section 1361 (mandamus). Such statutes have been supplanted by 42 U.S.C. § 2239(b) providing for exclusive jurisdiction of appellants' statutory claims in the NRC with appeal to the United States Courts of Appeal. Honicker v. Hendrie, 465 F.Supp. 414, 419 n.4 (M.D.Tenn.), aff'd on basis of district court's opinion, 605 F.2d 556 (6th Cir. 1979), cert. denied, 444 U.S. 1072, 100 S.Ct. 1015, 62 L.Ed.2d 753 (1980). The Administrative Procedure Act, 5 U.S.C. §§ 702-706, also does not provide an independent basis for jurisdiction. Id. (citing Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)).[4]
 
 
 8
 With regard to the claims premised on the Atomic Energy Act, the district court held that the appellants had failed to exhaust their administrative remedies and, even if they had exhausted them, exclusive jurisdiction was with the United States Courts of Appeals.
 
 
 9
 We agree with the Fifth and Third Circuits that the judicial review and enforcement provisions of the Atomic Energy Act, (42 U.S.C.) §§ 2231-42, 2271-82, preclude private judicial enforcement of the Act. Liesen v. Louisiana Power & Light Co., 636 F.2d 94, 94-95 (5th Cir. 1981); Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor, 619 F.2d 231, 236-38, 245 (3d Cir. 1980), cert. denied, 449 U.S. 1096, 101 S.Ct. 893, 66 L.Ed.2d 824 (1981). Appellants' only avenue for private enforcement of the Act is the opportunity to participate in agency proceedings granted by 10 C.F.R. § 2.206. See 42 U.S.C. § 2239. Appeal from this agency proceeding is exclusively to the Courts of Appeals. We note appellants have not tried to accomplish their goals through the use of the procedure set forth in 10 C.F.R. § 2.206.[5]
 
 
 10
 The district court's dismissal of the action brought under the Atomic Energy Act is affirmed for the reason that appellants seek a remedy from the district court which, under the Act, is unavailable to a private litigant.
 
 B. Constitutional Claims
 
 11
 Appellants additionally allege various violations of the Fifth, Fourteenth and Tenth Amendments to the Constitution.[6] We agree with the district court that appellants have failed to state a claim upon which relief can be granted with regard to these allegations.
 
 
 12
 Initially, appellants argue the actions of the appellees result in a taking of their property without just compensation. An examination of the record indicates appellants have not alleged or shown either a constructive or de facto taking. Appellees' actions are not "so complete as to deprive the owner of all or most of his interest in the subject matter." Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784, 787 (8th Cir.), cert. denied, 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979) (quoting United States v. General Motors Corp., 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311 (1945)).
 
 
 13
 It is argued that the state law which exempts facilities licensed by the NRC from state regulation violates the Equal Protection Clause since it subjects those living near these facilities to greater dangers than those who live farther away. To the extent appellants' claim raises a constitutional classification, it is clear that appellees have a rational basis for their action. In light of the extensive NRC regulation of the facilities, which the record makes apparent, the Arkansas law exempting these facilities from some state regulation constitutes a valid rational exercise of legislative authority. Congress, in passing the Atomic Energy Act and establishing the regulatory scheme, has also acted rationally. As stated by the Supreme Court in Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc., 435 U.S. 519, 557-58, 98 S.Ct. 1197, 1218-19, 55 L.Ed.2d 460 (1978):
 
 
 14
 Nuclear energy may some day be a cheap, safe source of power or it may not. But Congress has made a choice to at least try nuclear energy, establishing a reasonable review process in which courts are to play only a limited role. The fundamental policy questions appropriately resolved in Congress and in the state legislatures are not subject to re-examination in the federal courts under the guise of judicial review of agency action. Time may prove wrong the decision to develop nuclear energy, but it is Congress or the States within their appropriate agencies which must eventually make that judgment.
 
 
 15
 Appellants' allegation that several provisions of the Atomic Energy Act are unconstitutional is without merit. Their allegation that the Act violates the Tenth Amendment has little basis for support. Congress, through its power to regulate interstate commerce and provide for the national defense and general welfare, clearly can enact legislation governing the use of nuclear energy. Northern States Power Co. v. Minnesota, 447 F.2d 1143 (8th Cir. 1971), aff'd, 405 U.S. 1035, 92 S.Ct. 1307, 31 L.Ed.2d 576 (1972).
 
 
 16
 Appellants also argue these provisions of the Act, as applied to them, violate their due process rights. Like the district court, this court is unable to find any claim made by appellants under these facts which rises to the level of a due process claim. In any event, appellants have not demonstrated that the due process rights afforded them by the statute and regulations are inadequate. We are unable to conclude that any of the other claims raised by appellants in this case state a constitutional violation.
 
 C. State Statutory Claims
 
 17
 The district court clearly acted within its discretion in dismissing the pendent state claims under the authority of United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
 
 Affirmed.[7]
 
 
 [1]
 The Honorable Richard S. Arnold, United States Circuit Judge, sitting by designation
 
 
 [2]
 Applicants for a license to operate a nuclear power plant are required by NRC regulation to provide an emergency plan for the reactor site, dealing with matters such as accident assessment, notification procedures, medical response, training, and drills. The requirements had been general in nature and focused on the "exclusion area and the immediate area surrounding the plant known as the 'low population zone.' " AP&L was considered to be in compliance with these requirements
 Then, after the accident at the Three Mile Island facility on March 28, 1979, the NRC, after detailed study, adopted regulations extending the scope of the plan to roughly a ten mile radius around the nuclear plant and upgrading the requirements of the old plan. The rules required certain changes to be accomplished by April 1, 1981, and the entire plan to be operational by July 1, 1981. At oral argument counsel for the NRC stated AP&L was in compliance with the April 1, 1981 requirements and it expected compliance with the July 1, 1981 requirements by that date.
 
 
 [3]
 At oral argument before this court, counsel for appellants said a plant shut down was not currently desired, but rather they wanted the federal court to take action which would assure that a proper emergency plan is implemented
 
 
 [4]
 Appellants cite to other jurisdictional statutes on appeal, violations of which were not alleged below. Appellants did cite to the Clean Air Act in their amended complaint as a basis for jurisdiction, but did not allege violations of the Act in the district court. In any event, appellants have not satisfied the procedural requirements of 42 U.S.C. § 7604(b)
 Appellants argue the district court has jurisdiction to hear claims under the National Environmental Policy Act and the federal Clean Water Act, citing Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor, 619 F.2d 231 (3d Cir. 1980), cert. denied, 449 U.S. 1096, 101 S.Ct. 893, 66 L.Ed.2d 824 (1981). However, appellants did not cite to these statutes in the court below or contend before the district court that their provisions had been violated. Because these allegations were not pursued below, we decline to address this issue. But see General Public Utilities Corp. v. Susquehanna Valley Alliance, 449 U.S. 1096, 1097-1101, 101 S.Ct. 893, 894-96, 66 L.Ed.2d 824 (1981) (Rehnquist, J., dissenting from the denial of writ of certiorari in the above case).
 
 
 [5]
 Our resolution of this issue makes an examination of the exhaustion question unnecessary. We do note that if appellants' rights are in jeopardy during the time which the case is under agency consideration, they may seek action directly by the Court of Appeals under the All Writs Act, 28 U.S.C. § 1651(a). See Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor, supra, 619 F.2d at 236-37. We also note the district court stated that it did "not believe that a resort to the NRC would be a futility."
 
 
 [6]
 Appellants' complaint against the state appellees is jurisdictionally based on 42 U.S.C. § 1983. Appellants seek subject matter jurisdiction against the federal appellees on the basis of Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 
 
 [7]
 Nothing we say today should be construed as holding that the district court can never be a proper forum to hear a case arising from an emergency situation at a nuclear plant. We are not faced with that question. It is our view that the district court, in the instant case, acted in the proper manner in holding a hearing to determine whether this was a case in which plaintiffs' claims might provide the court with jurisdiction to grant emergency relief