James GRAHAM, Plaintiff,

v.

**NIAGARA MOHAWK POWER CORPORATION,**
Defendant.

**Civ. A. No. 93–CV–542 (FJS).**

United States District Court,
N.D. New York.

May 17, 1994.

Kenny & Lupia (Charles E. Lupia, of counsel), Syracuse, NY, for plaintiff.

Bond, Schoeneck & King (Robert A. Laberge, of counsel), Syracuse, NY, for defendant.

## DECISION AND ORDER

SCULLIN, District Judge:

### Introduction

This action was originally brought in the Supreme Court for Onondaga County in February 1993 and was then removed to this court by the defendant on the grounds of federal question jurisdiction. On April 29, 1994, the parties came before the court to argue their respective views of the merits of defendant's motion for summary judgment. However, upon reviewing the papers, the court raised sua sponte the issue of the basis of federal jurisdiction and questioned whether removal had not been improvident. The court allowed the parties to file post-hearing briefs on this issue.

The court has now examined those post-hearing briefs. The following constitutes the decision of the court as to the existence of federal jurisdiction.

### Federal Question Jurisdiction

The fact that the defendant removed this action to this court does not alter Congress's mandate that even after an action has been removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).[1]

■ In his amended complaint, plaintiff simply stated in his fourth cause of action that he sought relief for defendant's "violations of New York statutes, Federal statutes and Federal Nuclear regulations." Amended Complaint at ¶ 16. In so pleading, plaintiff did not specify the specific federal statutes allegedly granting him a cause of action. Similarly, in his opposition to defendant's motion for summary judgment and at oral argument, plaintiff failed to refer the court to any federal statute providing him with a justiciable remedy. This failure to identify a federal statute providing plaintiff with a private right of action is fatal to federal question jurisdiction.

■ Plaintiff suggests that he may rely on regulations promulgated pursuant to the

Omnibus Diplomatic Security and Anti–Terrorism Act, codified at 42 U.S.C. § 2169, which comprises an amendment to the Atomic Energy Act. However, with one exception, courts considering the question have held that the Atomic Energy Act itself does not create a private right of action. *See Pacific Legal Foundation v. State Energy Resources Conservation & Dev. Comm'n.,* 659 F.2d 903, 931 (9th Cir.1981), *aff'd on other grounds,* 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983); *Liesen v. Louisiana Power & Light Co.,* 636 F.2d 94, 95 (5th Cir., Unit A 1981); *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor,* 619 F.2d 231 (3d Cir.1980), *cert. denied sub nom., General Pub. Utils. Corp. v. Susquehanna Valley Alliance,* 449 U.S. 1096, 101 S.Ct. 893, 66 L.Ed.2d 824 (1981); *Burton v. Kuakini Health Sys.,* Civil No. 86–0269, slip op. at 2 (D.Haw. September 26, 1986) (available on LEXIS, Genfed library, Dist file). *See contra Drake v. Detroit Edison Co.,* 443 F.Supp. 833, 837–42 (W.D.Mich.1978). This court is persuaded by the prevailing authority and finds that the Atomic Energy Act does not provide a private party with a cause of action.

■ In light of his lack of a statutory remedy under that statute, plaintiff's attempt to maintain his action in a federal court on the basis of regulations promulgated pursuant to that statute is unavailing. A private remedy is available under a regulation only where the statute itself contains a private right of action and the regulations imply a private remedy. *Ashbrook v. Block,* 917 F.2d 918, 926 (6th Cir.1990); *Angelastro v. Prudential–Bache Secs.,* 764 F.2d 939, 947 (3d Cir.), *cert. denied,* 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985). Neither prerequisite exists here and consequently, the plaintiff has no private right of action under the applicable Nuclear Regulatory Commission regulations.

### Supplemental State Law Claims

■ Defendant argues that despite the fact that the plaintiff has no federal cause of

---

1. While a party or the court may only raise alleged procedural defects in the removal process within 30 days of the filing of the notice of removal, this time limitation does not apply to issues of subject matter jurisdiction.

action, this court should exercise its pendent jurisdiction to consider plaintiff's state law and common law claims. Defendant correctly identifies this as an issue in which discretion is vested in the district court. *See Di-Laura v. Power Auth. of the State of New York,* 982 F.2d 73, 80 (2d Cir.1992). However, the court will not review these claims. The Supreme Court has cautioned that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988). The plaintiff has not shown why these factors favor the exercise of pendent jurisdiction in this case. Accordingly, the court declines to exercise its pendent jurisdiction.

### Conclusion

It is hereby ORDERED that this matter be remanded to the Supreme Court for Onondaga County.

**IT IS SO ORDERED.**