**Guillermo BARRIENTOS, et al., Plaintiffs,**

v.

**UT–BATTELLE, LLC, et al., Defendants.**

**No. 2:02CV937.**

United States District Court, S.D. Ohio, Eastern Division.

Sept. 26, 2003.

Franklin R. Fraley, Jr., Magdalena E. Cuprys, Los Angeles, CA, Michael Joseph Rourke, Kenneth Steven Blumenthal, Rourke & Blumenthal LLP, Columbus, OH, for Plaintiffs.

James Stern Oliphant, Porter, Wright, Morris & Arthur, Columbus, OH, John Charles Scott, Faulkner & Tepe, Cincinnati, OH, Donald Eugene Theis, Baran Piper Tarkowsky Fitzgerald & Theis Co., Toledo, OH, Edward Ronald Goldman, Rendigs Fry Kiely & Dennis LLP, Cincinnati, OH, Mark A. Shaw, Fuller & Henry, Columbus, OH, James B. Hadden, Porter Wright Morris & Arthur, Columbus, OH, Bruce Marmon, El Cerrito, CA, Charles Coster Ashdown, Joseph J. Braun, Strauss & Troy, Cincinnati, OH, Steven Gerard La-Forge, Isaac Brant Ledman & Teetor, Columbus, OH, for Defendants.

## OPINION AND ORDER

MARBLEY, District Judge.

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Remand Case to State Court, Plaintiffs' Motion to Dismiss Second Claim for Relief Regarding Violations of Safety Statutes and Regulations, and Defendants' Motion for Leave to File Amended Notice of Removal. For the following reasons, Plaintiffs' Motion to Remand is **GRANTED**, Plaintiffs' Motion to Dismiss Second Claim for Relief is **GRANTED,**[1]

---

**1.** Technically, the Court grants Plaintiffs leave to amend their Complaint pursuant to Federal

and Defendants' Motion for Leave to File Amended Notice of Removal is **DENIED.**

## II. BACKGROUND

### A. Facts

Defendants University of Tennessee ("UT") and Battelle Memorial Institute ("Battelle") are the sole founders and members of UT–Battelle, LLC ("UT–Battelle"), a joint venture founded to contract with the United States Department of Energy ("DOE") to operate the Portsmouth Gaseous Diffusion Plant in Piketon, Ohio (the "Plant"), which is one of the Oak Ridge National Laboratories. UT is a Tennessee nonprofit university, Battelle is an Ohio nonprofit corporation, and UT–Battelle is a Tennessee limited liability company. UT–Battelle conducted the Lance Permeation Project (the "Project") at the Plant, which was an experimental clean-up of subsurface environmental contamination.

Guillermo Barrientos was employed at the Plant by a contractor as a heavy machine operator. In July 2000, he was assigned to the Project. Allegedly, although Barrientos was assigned to assist in handling chemicals for the Project, he had no prior experience or training handling chemicals. On or about August 22, 2002, a bucket filled with sodium permanganate exploded when Barrientos began to pick it up. The liquid from the bucket sprayed on his body, causing extensive burns. Barrientos was not wearing protective gear. Allegedly, Barrientos was informed by certain Defendants that protective gear was unnecessary while handling sodium permanganate.

### B. Procedural History

Based on the foregoing series of events, Plaintiffs filed a Complaint in the Court of Common Pleas, Pike County, Ohio on August 21, 2002. In their Complaint, Plaintiffs alleged the following claims: (1) intentional tort, (2) violation of all applicable safety statutes and regulations governing the Project, (3) negligence, (4) premises liability, (5) breach of contract, and (6) loss of consortium. Defendants filed their Notice of Removal on September 24, 2002, alleging that federal subject matter jurisdiction was proper pursuant to 28 U.S.C. § 1331 federal question jurisdiction. The Notice of Removal alleges that Plaintiffs' second claim for relief, which is based on violation of all applicable safety statutes and regulations, involves substantial federal questions under the Occupational Safety and Health Act, 29 U.S.C. § 653 ("OSHA"); the Atomic Energy Act, 42 U.S.C. § 161(b); and Department of Energy Order 440.1A. Defendants assert that these federal statutes are made applicable to the Project pursuant to 48 C.F.R. § 970.5240–2, which requires DOE contractors to follow certain federal regulations.

Plaintiffs filed a Motion to Remand Case to State Court on November 18, 2002, based on the Court's lack of subject matter jurisdiction. Plaintiffs subsequently filed a Motion to Dismiss their second claim for relief on January 10, 2003, in an attempt to eliminate any possibility of federal question jurisdiction in this case. Plaintiffs later noted that they really seek leave to amend their Complaint pursuant to Federal Rule of Civil Procedure 15(a). On February 10, 2003, Defendants filed a Motion for Leave to File an Amended Notice of Removal, seeking to amend their Notice of Removal to include diversity jurisdiction as a separate basis for federal jurisdiction. Defendants claim that although Battelle is

Rule of Civil Procedure 15(a) and deems the Complaint amended to omit their second claim for relief.

an Ohio corporation, and therefore a citizen of Ohio, it is only a nominal party and therefore complete diversity exists in this case.

The key issue before the Court is whether the Court has subject matter jurisdiction over this case. If not, the Court will remand Plaintiffs' Complaint to state court. The Court will first consider whether Defendants' Motion for Leave to File an Amended Notice of Removal is appropriate, and if so, whether there is diversity of citizenship jurisdiction in this case. After concluding both that Defendants' Motion for Leave to File an Amended Notice of Removal must be denied and that the Court lacks diversity of citizenship jurisdiction, the Court will consider whether there is federal question jurisdiction in this case.

### III. STANDARD OF REVIEW

■ The burden of establishing federal subject matter jurisdiction is upon the party removing the case to federal court. *Her Majesty the Queen in Right of Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97–98, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). "[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 757 (6th Cir.2000). All doubts as to whether removal is proper should be resolved in favor of remand to state court. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

### IV. ANALYSIS

#### A. Diversity Jurisdiction

Defendants' Notice of Removal alleges that this Court has subject matter jurisdiction based only on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In response to Plaintiffs'

arguments that federal question jurisdiction is not present in this case, Defendants filed a Motion for Leave to File Amended Notice of Removal in order to claim diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

■ Generally, under 28 U.S.C. § 1446, defendants have thirty days after the receipt of a paper indicating that the case has become removable in which to file a removal petition. *See Pepsico, Inc. v. Wendy's Int'l, Inc.*, 118 F.R.D. 38, 40 (S.D.N.Y.1987). If a removal petition is defective in form, this defect is amendable at any time, even if beyond the thirty day period. *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir.1969). Under 28 U.S.C. § 1653, allegations of jurisdiction may be amended when defective. This provision may not be "invoked to claim an entirely new and distinct jurisdictional basis." *Holt v. Lockheed Support Sys.*, 835 F.Supp. 325, 327 (W.D.La.1993). Amendments should do nothing more than set forth in proper form something imperfectly stated in the original notice of removal. *Jackson v. Metro. Life Ins. Co.*, 433 F.Supp. 707, 709 (E.D.Ky.1977); *Cline v. Belt*, 43 F.Supp. 538, 540 (E.D.Ky.1942).

■ In this case, Defendants do not seek to amend a defective notice of removal. Instead, they seek to include complete diversity as a *separate basis* for this Court's jurisdiction. Because the thirty day period for filing a notice of removal has elapsed, the Court **DENIES** Defendants' Motion for Leave to File Amended Notice of Removal.

■ Furthermore, the Court finds that diversity jurisdiction is not present in this case. Section 1332 confers subject matter jurisdiction on federal courts when there is *complete* diversity among the parties. 28 U.S.C. § 1332. If any plaintiff and any defendant are citizens of the same state,

there can be no diversity jurisdiction. *See SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir.1989) ("Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."). In this case, Plaintiffs are Ohio citizens and Defendant Battelle is also an Ohio citizen. Defendants argue, however, that Battelle is a nominal party and must not be considered for determining whether there is diversity jurisdiction.

■ Federal Rule of Civil Procedure 17(a) provides that "every action shall be prosecuted in the name of the real party in interest." A real party in interest, or a necessary party, is one who "claims an interest relating to the subject of the action." Fed.R.Civ.P. 19(a). Section 1441(b) allows for an action to be removed to federal court if there is diversity of citizenship among the "parties in interest properly joined." 28 U.S.C. § 1441(b). Formal or unnecessary parties are not included as "parties in interest" and cannot prevent the removal of an action to federal court. *Pesch v. First City Bank of Dallas*, 637 F.Supp. 1530, 1536 (N.D.Tex.1986). Nondiverse parties that are purely formal or nominal may be ignored in determining jurisdiction. *Salem Trust Co. v. Mfr.'s Fin. Co.*, 264 U.S. 182, 190, 44 S.Ct. 266, 68 L.Ed. 628 (1924).

■ In this case, in order for Battelle to be a nominal party, or not a party in interest, it must have no real interest in the outcome of the case. It must be of no moment to Battelle which side succeeds in the controversy. *Picard Chem. Profit Sharing Plan v. Perrigo Co.*, 940 F.Supp. 1101, 1136 (W.D.Mich.1996) (citing *Bacon v. Rives*, 106 U.S. 99, 104, 1 S.Ct. 3, 27 L.Ed. 69 (1882)).

■ To determine whether removal is proper, the Court must look to the matters set out in the pleadings. *Salem Trust Co.*, 264 U.S. at 189, 44 S.Ct. 266. In their original Complaint, Plaintiffs allege that UT and Battelle used UT–Battelle improperly to further their individual interests to the detriment of Plaintiffs. Compl. ¶ 31. Plaintiffs further allege that UT–Battelle is a mere shell, instrumentality, and conduit through which Battelle and UT conduct business. For this reason, Plaintiffs allege that Battelle and UT are liable for the acts and omissions of UT–Battelle and that allowing Battelle to evade liability in this case would be unjust. Compl. ¶ 34.

Defendants assert that Battelle and UT are mere shareholders. Based on Plaintiffs' Complaint, including the assertion that Battelle and UT are the sole founding members of UT–Battelle, Compl. ¶ 27, it appears Battelle may, in fact, have an important interest in this case. At the least, there is a cause of action asserted against them, rendering them a party in interest. *Salem Trust Co.*, 264 U.S. at 190, 44 S.Ct. 266 (1924).

Accordingly, the Court finds that Battelle is not a nominal party and must be considered when determining whether diversity is present in this case. There is no diversity jurisdiction in this case because Plaintiffs and Battelle are all Ohio citizens and there is not, therefore, complete diversity among the parties.

### B. Federal Question Jurisdiction

■ Pursuant to 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Generally, an action arises under federal law when "federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In *Merrell Dow*, the Supreme Court considered whether "the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of

that federal standard, makes the action one" arising under federal law. *Id.* at 805, 106 S.Ct. 3229. Specifically, the plaintiffs in *Merrell Dow* alleged numerous state-law claims for relief from child deformities that resulted from the use of the drug Bendectin during pregnancy. *Id.* at 805, 106 S.Ct. 3229. One of the claims alleged that Bendectin was misbranded in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"). *Id.* Because the FDCA did not create a private cause of action, the Supreme Court concluded that

> the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.

*Id.* at 814, 106 S.Ct. 3229, *quoted with approval in Heydon v. MediaOne of Southeast Mich., Inc.,* 327 F.3d 466, 472 (6th Cir.2003) (affirming dismissal for lack of subject matter jurisdiction where federal statute did not create a private cause of action).

Lower courts have not interpreted *Merrell Dow* to foreclose completely the possibility of federal question jurisdiction where the cause of action at issue is based on state law. But for federal question jurisdiction to arise in such a situation, resolution of the claim must depend "necessarily on a substantial question of federal law." *Milan Express Co. v. W. Surety Co.,* 886 F.2d 783, 788 (6th Cir.1989) (finding federal question jurisdiction where the plaintiffs "relied exclusively on federal law in their suit to recover on bonds required, promulgated, and regulated by the [Interstate Commerce Commission]"). *Merrell Dow* leaves

> open the possibility of federal jurisdiction even in the absence of an express or implied federal cause of action, if a substantial federal question of great federal interest is raised by a complaint framed in terms of state law, and if resolution of that federal question is necessary to the resolution of the state-law claim.

*Long v. Bando Mfg. of Am.,* 201 F.3d 754, 759 (6th Cir.2000).

Unlike in *Merrell Dow,* Defendants in this case claim that this Court has subject matter jurisdiction over this action because Plaintiffs' second claim is created by federal law. Defendants do not rely on the *Merrell Dow* analysis because they argue that Plaintiffs' claims are in fact federal claims, rather than state-law claims that necessarily depend on a resolution of federal law. But Defendants have failed to demonstrate that Plaintiffs' second claim for relief, based on violations of safety statutes, is based on a federal-law cause of action. Instead, the statutes that Defendants cite do not create a private cause of action at all.

Plaintiffs' second claim for relief avers that Defendants violated safety statutes and regulations, but the claim does not name the statutes and regulations that were allegedly violated. Defendants argue that according to the "artful pleading doctrine," Plaintiffs cannot avoid federal question jurisdiction by failing to plead a violation of a federal statute when in fact that statute will control the claim. *See Rivet v. Regions Bank of La.,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (noting that according to artful pleading doctrine, federal courts "may uphold removal even though no federal question appears on the face of the plaintiff's complaint"). In this case, however, it is unclear that Plaintiffs' second claim for relief states a claim upon which relief may be granted under *any* statute, state or federal. Plaintiffs have failed to identify any state statute under which they would be entitled to

relief for violations of safety regulations, and the federal statutes that Defendants cite do not create private causes of action.

 Defendants argue that Plaintiffs' second claim would invoke the following federal statutes or regulations: the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651–678 ("OSHA"); the Atomic Energy Act of 1954, 42 U.S.C. §§ 2011–2297 ("Atomic Energy Act"); and Department of Energy Order 440.1A ("Order 440.1A"). But none of these statutes or regulations creates a private cause of action. First, the courts have held that OSHA does not provide a private cause of action. *See Russell v. Bartley*, 494 F.2d 334, 335–36 (6th Cir.1974); *see also Am. Fed'n of Gov't Employees, AFL–CIO v. Rumsfeld*, 321 F.3d 139, 143–44 (D.C.Cir. 2003) (citing *Russell* ). Second, the Atomic Energy Act also does not create a private cause of action, and Defendants do not argue that it does. *See Graham v. Niagara Mohawk Power Corp.*, 852 F.Supp. 150, 151 (N.D.N.Y.1994); *see also Pac. Legal Found. v. State Energy Res. Conservation & Dev. Comm'n*, 659 F.2d 903, 931 (9th Cir.1981), *aff'd on other grounds*, 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983). Third, Defendants do not argue that Order 440.1A creates a private cause of action, and the Court does not see any provision in the order that would create a private cause of action.

Therefore, because none of the statutes or regulations that Defendants cite creates a cause of action, the Court finds that Plaintiffs' second claim for relief does not create federal question jurisdiction. In fact, the Court is not convinced that Plaintiffs' second claim for relief states a claim upon which relief can be granted at all.

 More generally, Defendants argue that the statutes and regulations they cite completely preempt state law thereby creating federal question jurisdiction over all of Plaintiffs' claims.[2] Indeed, federal regulations preempt any state regulations of DOE facilities. *See Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 180, 108 S.Ct. 1704, 100 L.Ed.2d 158 (1988) ("It is well settled that the activities of federal installations are shielded by the Supremacy Clause from direct state regulation unless Congress provides 'clear and unambiguous' authorization for such regulation."); *Hancock v. Train*, 426 U.S. 167, 178–79, 96 S.Ct. 2006, 48 L.Ed.2d 555 (1976). For example, in *Hancock*, the Court found that states could not require certain federal facilities to obtain state permits to operate. *Hancock*, 426 U.S. at 168, 96 S.Ct. 2006. Furthermore, the "artful pleading doctrine allows removal where federal law completely preempts a plaintiff's *state-law claim.*" *Rivet*, 522 U.S. at 475, 118 S.Ct. 921 (emphasis added). The problem in this case is that the statutes and regulations that Defendants cite do not preempt Plaintiffs' state-law *claims.* In fact, those statutes and regulations do not create private causes of action at all. Although they may preempt a state's attempt to otherwise regulate federal facilities, such as requiring a state permit, they do not preempt private state common-law actions. In fact, OSHA explicitly states:

> Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law

---

**2.** Defendants' Notice of Removal only alleges that federal question jurisdiction exists based on Plaintiffs' second claim. Therefore, the Court is not required to consider whether federal question jurisdiction may be premised on Plaintiffs' other claims. The Court will nevertheless consider this issue in the interest of thoroughness.

with respect to injuries, diseases, or death of employees arising out of, or in the course of employment.

29 U.S.C.A. § 653(b)(4) (West 2003).

Rather than preempting Plaintiffs' state common-law causes of action, the federal statutes that Defendants cite fall squarely within the *Merrell Dow* federal question jurisdiction analysis. To the extent that those federal statutes will become relevant to Plaintiffs' state common-law claims, they will only be relevant as an element of a state-law claim. The fact that these federal statutes do not create private causes of action demonstrates that they are not sufficiently important to Plaintiffs' common-law claims to create federal question jurisdiction. *See Merrell Dow,* 478 U.S. at 814, 106 S.Ct. 3229.

Because the Court finds that there is neither diversity jurisdiction nor federal question jurisdiction in this case, the Court **GRANTS** Plaintiffs' Motion to Remand Case to State Court.

### C. Plaintiffs' Motion to Dismiss Second Claim for Relief

 In response to Defendants' Memorandum in Opposition to Plaintiffs' Motion to Remand, Plaintiffs filed a Motion to Dismiss Second Claim for Relief Regarding Violations of Safety Statutes and Regulations. Later, in a Memorandum filed March 3, 2003, Plaintiffs noted that they should have moved to amend their complaint to omit their second claim, rather than seeking to dismiss the claim, because voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) is only available to dismiss entire actions, not single claims. Rule 15(a), however, permits a party to amend its pleading by leave of court, which "shall be freely given when

justice so requires." As the Court discussed *supra,* it is unclear that Plaintiffs' second claim for relief states a claim upon which relief can be granted. Therefore, the Court **GRANTS** Plaintiffs' motion and deems Plaintiffs' Complaint to be amended to omit their second claim for relief.[3]

In their Notice of Removal, Defendants premise federal jurisdiction solely on Plaintiffs second claim for relief. Because the Court deems Plaintiffs' Complaint to be amended to omit this claim, it no longer provides a basis for federal jurisdiction. Therefore, even if the Court were to find that federal question jurisdiction existed for Plaintiffs' second claim for relief, because Plaintiffs now dismiss that claim, the Court would have discretion to remand this case to state court. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (holding that under the doctrine of pendent jurisdiction, a district court has discretion to remand a case to state court); *In re Romulus Cmty. Sch.,* 729 F.2d 431, 440 (6th Cir.1984) (holding that after a federal claim is eliminated from a case, a district court may remand pendent state claims to state court). In this case, the Court would choose to exercise its discretion to remand the case to state court because the Court does not believe that Plaintiffs have engaged in any manipulative behavior. Rather, they apparently did not intend to plead any federal claims. The remainder of their claims are state common-law claims that should be decided in state court absent diversity jurisdiction.

### V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED,** Plaintiffs' Motion to Dismiss Second Claim for Relief is **GRANTED,**[4] and Defendants'

---

**3.** Defendants express concern that they will be prejudiced if Plaintiffs' second claim for relief is dismissed. The Court notes, without deciding the issue, that Plaintiffs will likely be barred by the doctrine of res judicata from

bringing this claim against Defendants again in the future.

**4.** Technically, the Court grants Plaintiffs leave to amend their Complaint pursuant to Federal

Motion for Leave to File Amended Notice of Removal is **DENIED.** This case is **REMANDED** to the Court of Common Pleas of Pike County, Ohio.

**IT IS SO ORDERED.**

Rule of Civil Procedure 15(a) and deems the Complaint amended to omit their second claim for relief.